UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE MARK D. DICKENS EXEMPTION TRUST, *et al.*, | : : : |
| Plaintiffs, | : Case No. 2:23-cv-2681 : |
| v. | : Chief Judge Algenon L. Marbley : |
| BOSS LIFESTYLE LLC, *et al.*, | : Magistrate Judge Elizabeth P. Deavers : |
| Defendants. | : |

## OPINION & ORDER

This matter is before this Court on Plaintiffs' Motion for Summary Judgment (ECF No. 10). Defendants narrowly opposed Plaintiffs' Motion, appearing to take issue only with Plaintiffs' open-ended attorneys' fees request. (*See* ECF No. 15). For the reasons set forth below, Plaintiffs' Motion for Summary Judgment is **GRANTED**, but damages, fees, and costs are to be calculated in a subsequent order consistent with the following analysis.

### I. BACKGROUND

#### A. Statement of Facts

The facts underlying Plaintiffs' claims are about as straightforward as they get. Plaintiffs and Defendants entered a contract—by way of executing a promissory note—on or about October 31, 2022, under which Plaintiffs loaned Defendants $500,000. (ECF No. 1 at 2; ECF No. 1-1). In return for this loan, Defendants were to pay Plaintiffs $550,000 by May 3, 2023. (ECF No. 1 at 2; ECF No. 1-1). But despite the clear terms of the promissory note, Defendants did not repay Plaintiffs on or before the agreed-upon date. (ECF No. 1 at 3). And despite multiple communications—including promises to pay—since their payment became past due, Defendants have yet to uphold their end of the bargain. (*Id.*). As a result, Plaintiffs allege Defendants breached

1

the parties' contract in more ways than one. (*Id.* at 3–4). While these facts are from Plaintiffs' complaint, "Defendants do not contest the facts as alleged by Plaintiffs in their Motion." (ECF No. 15 at 1).

### B. Procedural History

Now, Plaintiffs seek summary judgment in their favor, including: (1) compensatory damages of the past-due $550,000 plus interest at the agreed-upon rate of twenty-five percent per annum; (2) a late charge of the agreed-upon five percent of the past-due amount, totaling $27,500; and (3) reasonable attorneys' fees and costs. (*See id.* at 4; ECF No. 10 at 4). Defendants take issue only with the fees portion of Plaintiffs' request for judgment as a matter of law, not the substance of Plaintiffs breach of contract claim. (*See* ECF No. 15 at 1). Defendants "object to the award of fees" generally, and appear to reject Plaintiffs' open-ended ask for "reasonable attorneys' fees." (*Id.* at 1–2). Defendants urge this Court to apply the lodestar method after obtaining additional documentation from Plaintiffs' counsel and to then provide Defendants with an opportunity "to object and respond to Plaintiffs' calculation" under this method. (*Id.*). In response to Defendants' objection, Plaintiffs clarified that their request for attorneys' fees and costs adds up to $6,764.35—$6,120.00 in attorneys' fees and $554.35 in costs. (ECF No. 16 at 1; ECF No. 16-1). This Court now turns to this fully briefed motion.

### II. LAW AND ANALYSIS

Summary judgment is appropriate when there are no disputed issues as to any material fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250–22 (1986); Fed. R. Civ. P. 56(c). When the moving party supports such a motion with documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings, but must provide the court with some "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

2

(1986). Said differently, "the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir.1995). Where the nonmoving party "fails to properly address another party's assertion of fact … , the court may … consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e). In this way, in meeting its initial burden, the moving party can "merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury." *Bruce v. Smith*, No. 2:13-cv-636, 2014 WL 3928294, at *3 (S.D. Ohio Aug. 12, 2014) (citing *Cox*, 53 F.3d at 149). But summary judgment cannot be granted simply because the adverse party does not oppose it: "[T]he Court must still consider [Plaintiffs'] motion on the merits to determine whether [they are] indeed entitled to judgment as a matter of law." *Id.*; *see Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998).

## A. Merits

As set forth above, Plaintiffs' breach of contract claim is relatively open and shut. Under Ohio law, a plaintiff must show: "(1) a contract between the parties; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages." *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St. 3d 453, 463 (Ohio 2018). Applied here, both parties recognize all four elements: the existence of a contract—the documented promissory note; performance by Plaintiffs—the documented provision of $500,000; breach by Defendants—the uncontested failure to pay by the agreed-upon date; and damages—the documented $550,000 owed to Plaintiffs by Defendants. (*See* ECF No. 1 at 2–4; ECF No. 10 at 2–4; ECF No. 15 at 1). Finding the same and finding no disputed questions of fact, Plaintiffs' Motion is **GRANTED**, and Plaintiffs are entitled to judgment as a matter of law based on Defendants' breach of their obligations under the parties' promissory note.

### B. Damages and Fees

Moving from substance to damages, Plaintiffs seek: (1) an award of $550,000 in compensatory damages plus interest at twenty-five percent per year from May 3, 2023; (2) a late charge of $27,500; and (3) fees and costs of $6,764.35. (ECF No. 16 at 1). The first two of these three categories are provided for in the contract. Defendants "jointly and severally … covenant[ed] and promise[d] to pay to" Plaintiffs "five hundred and fifty thousand … $ … with interest," due on the maturity date of May 3, 2023. (ECF No. 1-1 at 1). The agreed-upon interest rate was twenty percent per year, with five percent added to "delinquent principal"—that is, any amount of the $550,000 not paid on or before May 3, 2023. (*Id.* at 2). And Plaintiffs are entitled to "collect a late charge not to exceed" five percent of any principal still due ten days after the maturity date. (*Id.*). So, Plaintiffs rightfully request compensatory damages plus interest and a late charge.

As to attorneys' fees, this Court uses one of two methods for determining whether a fee is reasonable—the lodestar method or the percentage-of-the-fund method—and the choice of which is within the district court's discretion based on the case in front of it. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). The percentage-of-the-fund method is generally preferred in common fund cases as it involves awarding a "reasonable" percentage of the fund. *Bowling v. Pfizer*, 922 F. Supp. 1261, 1278–79 (6th Cir. 1996). But where, as here, attorneys' fees are independent from the plaintiff's compensation, the lodestar method "will best ensure that … Counsel is fairly compensated for their time." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002) (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992)) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence."). To determine the "lodestar," the court multiples the attorney's hours worked by a reasonable hourly rate, *Reed v.*

*Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999), which yields a fee amount that is presumptively reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65 (1986). The fee applicant bears the burden of producing satisfactory evidence to show that the requested rates are "reasonable"—that is, in line with the prevailing market rate. *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Plaintiffs' counsel calculated their fees based on a lodestar rate of $450 per hour. (ECF No. 16-1). This Court has previously found $425 per hour to be a reasonable rate for local consumer law attorneys, (*see Woodard v. O'Brien*, No. 2:18-cv-1532, ECF No. 80), and recently calculated attorneys' fees based on $550 and above hourly rates for partners in the employment space. (*See Hafley v. Amtel*, No. 1:21-cv-0203, ECF Nos. 50, 59). But beyond their statement that this rate is "based on prevailing market rates in the Columbus, Ohio area for attorneys of [their] age and experience," Plaintiffs' counsel provides no empirical support for their hourly rate as it pertains to other attorneys practicing in corporate or commercial litigation sphere in Ohio, such as comparator cases, industry reports, or bar guidelines. *B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). As this Court therefore lacks "satisfactory evidence" that such a rate is reasonable, this Court **ORDERS** Plaintiffs' counsel to submit within **FOURTEEN (14) DAYS** additional documentation supporting the reasonableness of their requested hourly rate of $450 based on their skill, experience, and reputation. *See Blum*, 465 U.S. at 896 n.11.

Next, this Court considers the attorneys' proposed hours. "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home,*

*Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598 (2001). Plaintiffs' counsel is seeking compensation for 13.8 billed hours. (ECF No. 16-1). But Plaintiffs' counsel does not explain what work makes up these 13.8 hours, which is necessary to determine whether such hours were "reasonably expended in pursuit of success." *Wooldridge*, 898 F.2d at 1177. In other matters recently in front of this Court, attorneys have submitted—or this Court has requested—a more detailed view into an attorney's work, such a time log with time entry line items. (*See, e.g.*, *Hafley*, No. 1:21-cv-0203, ECF No. 50 at 12; *see Woodard v. O'Brien*, No. 2:18-cv-1532, ECF Nos. 80-1, 89-3). Plaintiffs' counsel here, however, submitted only their total hours, not a breakdown nor any explanation of the work completed in the case. (*See* ECF No. 16-1). As such, Plaintiffs' counsel shall submit within **FOURTEEN (14) DAYS** of the date of this Order a sufficiently detailed log of the hours for which they seek compensation in line with the aforementioned examples. Defendants will then have **FOURTEEN (14) DAYS** from that submission to object to Plaintiffs' representations of their hours, hourly rate, and total lodestar requested.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Summary Judgment (ECF No. 10) is **GRANTED** on the merits.  But prior to the finalization of damages, fees, and costs, this Court **ORDERS** as follows:

- Plaintiffs' counsel shall submit within **FOURTEEN (14) DAYS**: (1) additional documentation supporting the reasonableness of their requested hourly rate of $450 based on their skill, experience, and reputation; and (2) a sufficiently detailed log of the hours for which they seek compensation in line with the aforementioned examples.
- Defendants will then have **FOURTEEN (14) DAYS** from Plaintiffs' submission to object to Plaintiffs' representations of their hours, hourly rate, and total lodestar requested.

After such information is submitted and reviewed, this Court will issue a separate Order awarding the appropriate compensatory damages, attorneys' fees, and costs.

   **IT IS SO ORDERED.**

                                  **ALGENON L. MARBLEY**
                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 10, 2024**